Good morning, Mr. Greenman. I understand you would like to reserve a minute for rebuttal. Is that right? Yes, if I need it, Your Honor. Your choice. I guess so. Your Honors, I'm sorry. I want to make clear that in terms of my argument, I did not represent Mr. Roberts in the lower court before the district court, and so there may be an issue that I can't answer which the government has raised. The first issue that I think needs to be discussed is the issue of the waiver of his right to appeal. As part of the plea agreement, Mr. Roberts signed a waiver of his right to appeal, and the real question here is whether that waiver is effective. Yes, and to that point, maybe just to expedite it, when I looked at the plea agreement in this case, I thought it was unusual to me because it's not in some respects similar to the appeal waivers or plea agreements we see in other districts. There seems to be no paragraph regarding what I would normally see captioned as the satisfaction of criminal responsibility, which says in exchange for you pleading to count A, you will not be prosecuted for B, C, and D, and I think that's your point, right? That is, Judge Nardini. The issue in this case that we have raised under Lutchman that there was no consideration for the plea, in effect, he pled guilty to what he was charged. As the Court knows, he was investigated back in October of 2020. He was not charged until 2021, apparently after the investigation had been completed. The criminal complaint charged him with receipt of child pornography in possession, but not with production. And I take it your argument is if there had been a paragraph in the plea agreement where the government had said, and in exchange for your plea, we agree not to bring the following, you know, five charges which could carry additional time, then your argument would be out the window because he would have received consideration, but that never happened. I like, I like the would not be here, Your Honor.  I think, I think it's, I think it gets through. Just because we have limited time, would you just maybe move on to the substantive portion of your appeal, assuming for the sake of argument that the appeal waiver were not to apply? Thank you, Your Honor. Your Honor, there are a number of issues that took place during the sentencing proceedings that I can discuss that are raised in our brief. But the one issue that we have raised, which the government obviously disagrees with, is the issue of double counting of the two 2G1.1 sections. And in this case, the plea agreement anticipated that there would be a four level enhancement pursuant to section 2G1 point, I'm sorry, 2.1B1A, and that was for the commission of a sexual act or contact. I'm sorry, there was a two level enhancement because it was a minor who was portrayed in the photograph who had not attained the age of 12 years old. And in this case, the plea agreement anticipated that four level enhancement, but did not anticipate a two level enhancement, which the probation officer recommended in the pre-sentence report in which the sentencing court adapted its sentencing. It made a huge difference in terms of where the case wound up. Well, it doesn't really matter whether it was in the plea agreement or not, right? Because the court was not bound by it. It's not the fact it wasn't in the plea agreement that would make it, in your view, double counting. Yes, Your Honor. So what makes it, in your view, double counting? That's correct. We believe it's double counting as a matter of law, whether or not it was anticipated. I assume it wasn't double counting. Do you really want us to reverse this, send it back, so that the government can, in fact, bring the other charges? They may not have been in the agreement, but your client got minimal because other charges could have been brought. You win, you go back, they bring the other charges, and your client is much worse off. So I'm not altogether understanding what's going on here. Well, Your Honor, two things that this court could do. The court could remand it and allow the case to commence from the beginning, or the court could remand it for resentencing, which is what we would prefer to happen. But either way, if I understand, because it's not in the plea agreement, the government has never promised your client not to bring additional charges. That's correct. They could bring those today. Assuming the statute of limitations didn't run, I can't remember the timing of the events in this case. It started in May of 2020, Judge, so the statute would probably run pretty soon. But, Your Honor, to answer your question directly, what happened here is he was not charged in the plea agreement or in the information with production. And I understand the court's question. Why does that matter? I'm sorry, Your Honor? I'm sorry. Why does that matter? Well, it matters, Your Honor. It only matters in terms of where he wound up. But to answer Your Honor's question, let's assume that he had been charged with production or pled guilty to production. He still would not wind up in a worse position than he was here because he was sentenced to more than 15 years, which would otherwise be the mandatory minimum sentence on a production charge. And the plea agreement actually used the production guidelines. So either way, he's gone through it. And where he stands right now, I believe, is the worst that he could wind up in the future and would not wind up in a worse situation. Can I just go back to your double counting? We have two enhancements that you're talking about. One is because the offense involves someone under 12 years old and one enhancement because it involved the commission of a sexual act, right? That's correct, Your Honor. I thought we could have a case that involves a young child younger than 12, but no commission of a sexual act, correct? There could be such cases, right? That's correct, Your Honor. Presumably, there are plenty of cases where there's, you know, depictions, lascivious display of genitals or something with a young child. That would involve just B1A, right? That's correct, Your Honor. And then you could also have a case where there is a sexual act, but there's a child who's 13, right? That's correct, Your Honor. And the other piece is that because we have both circumstances here, two independent aggravating circumstances, a particularly young child and the commission of a sexual act, I don't understand how that's double counting unless you're just saying when two independent variables happen to apply, that counts as double. Your Honor, you have one depiction. You have one image that shows whatever it shows. It has two characteristics. It involves a sexual act and a young child. Why? I mean, if you had a murder, you know, and it involved a gun, then you could charge someone with murder and you can charge them with 924C. And there are many acts that occur in the world that have more than one characteristic, each of which can be aggravating and carry legal consequences. So I'm not understanding why this is, quote, double counting. Judge, for example, in your, what you put to me a couple of seconds ago, the 924C and the homicide, obviously the 924C would run consecutive as a matter of law. Forget the 924C and assume that you had two guideline enhancements, one for causing death and one for use of a firearm. Again, the only use of the firearm is putting a bullet in someone's head. But we would not say that, oh, well, now that's double counting. Because, Your Honor, the image that we're talking about here covered under the four-level enhancement. That's, but apart from anything else, we have that all the time. The argument you are making, I have heard made almost every sitting I have, and it's always been rejected because they are two separate things. So I don't really understand where it's coming from. I mean, the cases have sentences of that sort day in and day out. I understand the Court's consternation. But on the other hand, Your Honor, if you look at, by definition, in the, there are no commentaries to this section. It's not in the application notes under 2G1.1. So what you have here is a four-level enhancement, which I believe consumes the two-level enhancement. In other words, you don't have one without the other, and therefore. But only on the facts of this case. That's correct, Your Honor. Okay. That's correct, Your Honor. Well, why don't we hear from the government, and then, Mr. Greenman, at your choice. We would love to see you for another minute. I have another question for you at the end. I'm afraid to answer your question. Don't go away. I knew I wasn't going to get out of here without it. Okay. Ms. Richards. Thank you. May it please the Court, Monica Richards on behalf of the United States. If Your Honor could ask the question that you're going to ask Mr. Greenman, I would appreciate it. It has nothing to do with this case. Okay. Okay. Thank you. Moving then to the waiver argument, I heard the Court's question, and I understand the concern with regard to the no. I guess I never noticed, but your district doesn't have a satisfaction to criminal liability section in the plea agreement? It would. It does. Typically, it would. But it's not there. But it's not in this agreement. It is in other agreements. Was that an inadvertent omission or something? I don't even understand how that happens. Well, here, I think because the problem was here, I know that it would have been a better practice, and we discussed this, and my USA understands that. But what happened here, I think, was because the initial complaint charged receipt and possession. So we had a situation where the 240 stat max would have applied for, excuse me, the stat max would have applied if it had just been the receipt. But it would have been up to 360. So pleading, we could have charged. No, no, but what I'm trying to say there is you agree to plead guilty to charge A. Right. In exchange, the government agrees not to charge you with B, C, D, E. You didn't promise that. No. So in other words, this is getting a little bit to Judge Calabresi's question, you could turn around today and bring these additional charges, and they would not be barred by the plea agreement because the government never promised the defendant you wouldn't. And that's fine. If that's a negotiated agreement, the government does. But it makes it harder for the government to argue there was consideration to say, oh, well, you were allowed to plead to a lesser charge, and we agreed to forbear from another charge when you never agreed to. So far, you haven't charged him. But there's certainly been no agreement because all the agreement has to be in writing and vetted before district court. Unless you're telling me there was a secret agreement that was never presented to us, the argument that somehow consideration was provided in the form of the government forbearing from other charges doesn't seem to be a circumstance that exists in this case. And that's why I'm a little baffled, because my initial thought was, oh, I'll find the satisfaction of criminal liability section of the plea agreement. Easy answer. And it's not there. It's puzzled me. Let me ask about another possible consideration. Did the government agree to waive any appeal if a sentence was above a certain amount? Because if they did, there was an agreement on his part not to appeal if it was below a certain amount, and by the government not to appeal if it was above that. That hasn't been argued, but that would seem to me to be adequate consideration. And I think that's in this case, in which case we don't get into anything else, because then the waiver is valid. I appreciate Your Honor's notice of that, and it would be at page A34 of the record, paragraph 32 of the plea agreement. But you didn't argue it. Nope. But I would also say the other thing that came up that just reminded me, thank you, Your Honor, is that there was a waiver argument available so he could, to use the colloquial, sorry, that he could, he was permitted also to argue down to the statutory minimum, which was 60 months here, and that was also part of this plea agreement, that he was permitted, he wasn't locked in at the range. He wasn't, he was permitted to argue for something below. It's not really a concession on your part. I mean, how do you really say that consideration was given by the government for allowing another party to argue what the law already allows them to argue? That's not a concession on the part of the government. That's just something you didn't try to bargain away from him. Well, that's fair. That's true. Okay.  I understand that. I would stick to my original point that there was, with regard to that paragraph not being in there, the trial, AUSA, understands that that's not the best practice, and I know that there were certain things about this plea agreement and the way that they went through that meant that they didn't do it here, and I appreciate that. So why don't we just get to the merits, because you have some limited time. What would you like to say about the merits? Well, there's no problem here in terms of the reasonableness of the sentence. The procedural reasonableness claim, I believe, the Court's addressed thoroughly with regard to the double counting. Here we did have a situation where there was a cross-reference, and so when the same image, as I understood the argument originally, the same image was used with regard to Victim 1 and Victim 2, is how I understood the original agreement. The original argument, now I see in the reply brief that it's a little different. In the reply brief, they're talking specifically about application of two separate guidelines, but as this Court's noted, and as I noted in my brief, at page 22, there's multiple cases there deciding that separate enhancements can be used. I mean, for that argument to work, we also wouldn't be able to use the use of a computer enhancement and, you know, image of a child under the age of 12. I mean, it just doesn't work that way. So I think that that's not a reason to find a basis for procedural unreasonableness. Here, much of the argument was couched as substantive unreasonableness, but here that sentence went down below the sentencing guidelines range, went down to 204 months, where the range had been 240. The other procedural reasonableness argument, sorry. Well, that was the one that the judge didn't understand that the guidelines were 240. Oh, right, sorry. But that was, yes. And that's why that argument regarding, thank you. That's also why the argument regarding the double counting and anything else with regard to the sentencing guidelines calculations kind of goes by the wayside or is moot or whatever because all that did was raise the sentencing guidelines above the range, which was the statutory maximum, which was 240. And so the guidelines range became 240 no matter what the judge did in terms of making guidelines findings that were higher than the party's plea agreement. Can I just back up one second? I'm sorry. I know I'm going back to the first issue, but this is maybe something you can speak to, or maybe not, I don't know, maybe it's varied over time. But when plea agreements are drafted in your district, are they reviewed? Do they have supervisory review or not necessarily? No, of course they do. Like the actual text of the plea agreement, not just the, okay. I'm just wondering how this satisfaction of criminal liability is. He's an old prosecutor, and so he's just looking for how he would have done it in his time. Well, I'm just curious how it slipped through the cracks because honestly, it was sort of like the last case. If there are certain things that are done carefully in the district court, they don't create problems for the record on appeal. And I'm just curious as to how, well, you know, you know. No, I appreciate that. And I do have, the two sticky notes that I wrote from that prior argument are going to be used in the training that we're doing this coming month, which are, yeah. I wish you would be more forthcoming on how really sloppy things were done below. That will come out during my training. Thank you very much. Mr. Greenman, is there anything you would like to add before I ask my question? Very. I'll guarantee I'm not going to be invited to their training, Judge. But your honors, the government says it makes no difference where the judge wound up because it was a statutory maximum of 240 months. But that's not the issue. You know, when Crosby was decided years ago by the Supreme Court, the one thing that Crosby made clear is that the judge has to fix the guideline range as a starting point. What is the adjusted offense level? What's the criminal history category? Put them together and come up with a number. And that number is critical because that's going to be the starting point where the judge is going to consider whether he or she is going to vary down from the guideline range. If you have a guideline range of 30 years, which the court found here, as opposed to 20 years, as was anticipated, I believe it makes a huge difference in terms of where the judge is going to go and how the judge is going to calculate and think about if, in fact, the judge is going to grant a variance. And indeed, we have often written about anchoring in just that way. You're right, Your Honor. I understand that, Judge. I'm finished. I'm willing to answer your question. So, I do want to just say thank you. I understand you're moving on to a new role, professional role. And I want to thank you for your many years of service on the CJA panel, both of the district court and here. And in my capacity as chair of the CJA committee, I just want to inquire, are we going to get your CJA voucher promptly? I saw that they were actually, well, actually, it never would have been done. I don't want to keep everybody here waiting, but it would never have done had I not retired from my law firm. That's what I was worried about. Who found all the vouchers that had never been filed over about 10 years. So, I trust we will get you a promptly filed voucher for this case, correct? I promise, Your Honor, I told Judge Wolford that I would always do it on time. Thank you. Thank you. And thank you again for your many years of representing clients in this capacity. Thank you. Thank you very much, Your Honor. I appreciate that. Thank you, Your Honors. Thank you very much. We will take the case under advisement.